**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**WORLD TRIATHLON CORPORATION, INC.,**

    **Plaintiff,**

v.                                           Case No.  8:04-cv-1594-T-24TBM

**SRS SPORTS CENTRE SDN. BHD,**

    **Defendant.**
_____/

**O R D E R**

THIS MATTER is before the court on **Defendant's Motion to Compel Production of Documents and Supporting Memorandum of Law** (Doc. 52).  By its motion, Defendant seeks an Order compelling Plaintiff to produce documents responsive to requests numbered 9 and 14 of Defendants Request to Produce served on or about February 17, 2005.  Plaintiff filed a response in opposition (Doc. 56).

Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of discovery:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).  Additionally, the court may limit discovery upon the determination that the discovery sought is unreasonably burdensome or expensive or the expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, and the importance of the proposed discovery in resolving issues.  See Fed. R. Civ. P. 26(b)(2).

Defendant's Request 9 seeks all documents relating to the subject of whether any championship qualifying slots were reserved or otherwise available for the Ironman Malaysia 2005 event. Defendant argues that such documents are relevant because it alleges in its Counterclaim that WTC, during the period receding the 2005 race, was acting to prevent it from successfully conducting the Ironman Malaysia 2005 event. It maintains that a December 14, 2004, statement by Plaintiff's counsel that there were no championship race slots available was false and made pursuant to a design to discourage triathletes from competing in the 2005 event. In response, Plaintiff argues that this request is based on a confidential document tendered by its counsel during settlement discussions, specifically a letter from Plaintiff's counsel to Defendant's counsel dated December 14, 2004, which is inadmissible under Rule 408 of the Federal Rules of Evidence. Further, it maintains that no such information was publicly disseminated to any triathlete, and in any event, it is undisputed that Plaintiff fully complied with its contractual obligations by providing all of the championship qualifying slots required to be provided to the Ironman Malaysia 2005.

By its Request 14, Defendant seeks documents concerning Plaintiff's activities, investigations, or efforts to determine whether to *allow* invocation of the *force majuere* provision of the Event License Agreement by the Defendant. Defendant contends that following the tsunami of December 26, 2004, it notified Plaintiff that it intended to invoke the *force majuere* provision of the agreement and reschedule the event, thus prompting Plaintiff to respond that there was no *force majuere* and that Defendant's claim of *force majuere* was an anticipatory breach entitling Plaintiff to terminate the agreement. In response, Plaintiff contends that the issue of *force majuere* is moot, as Defendant withdrew its *force majeure* demand in open court on February 27, 2005, and thereafter conducted the race as originally

scheduled. Plaintiff also objects to the form of the request since the *force majuere* provision did not require Plaintiff to "allow" Defendant to invoke the provision; there either was such an act of God that hindered or delayed Defendant's performance or there was not.

Upon consideration, the motion is **granted in part**. To the extent that Plaintiff has custody or control over any document related to the matter of championship qualifying slots for the Ironman Malaysia 2005 race, not yet produced, *which it disseminated to the public prior to the race*, such document(s) shall be produced.

Regarding Request 14, irrespective of the objection to the form of the request, nonprivileged documents concerning Plaintiff's handling of Defendants invocation of the *force majuere* provision of the agreement are relevant for discovery under Count II of Defendant's Counterclaim and, more particularly, Plaintiff's Fifth Affirmative Defense thereto and should be produced.[1]

Accordingly, **Defendant's Motion to Compel Production of Documents and Supporting Memorandum of Law** (Doc. 52) is **GRANTED** to the extent set forth herein. Plaintiff shall any such documents responsive to these requests within twenty (20) days from the date of this Order. In all other respects, the motion is denied.

**Done and Ordered** in Tampa, Florida, this 29th day of July 2005.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record

---

[1] At the very least, Plaintiff's defense claiming that Defendant's inability/unwillingness to conduct the race as originally scheduled constituted an anticipatory breach justifying its termination of the 2003 agreement defeats its contention that the *force majuere* matter is moot, especially for purposes of discovery.