**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

WORLD TRIATHLON CORPORATION, INC.,
a Florida corporation,

                Plaintiff,

-vs-                                            Case No.  8:04-cv-1594-T-24TBM

SRS SPORTS CENTER SDN.BHD,
a Malaysia corporation,

                Defendant.
_____/

## **O R D E R**

This cause comes before the Court for consideration of Plaintiff's Motion for Partial Summary Judgment (Doc. No. 41).  Defendant filed a Memorandum in Opposition thereto (Doc. No. 46).

### Background

Plaintiff entered into an Event License Agreement with Defendant in 2000 (the "2000 Agreement"), pursuant to which Defendant was licensed to conduct Ironman triathlon events in Malaysia in the years 2000 through 2004.  In 2003, Plaintiff entered into another Event License Agreement with Defendant, pursuant to which Defendant was licensed to conduct Ironman triathlon events in Malaysia in the years 2005 through 2009 (the "2003 Agreement").

Plaintiff contends that Defendant breached the 2000 Agreement by failing to have required insurance in place during the February 2004 race.  Plaintiff has terminated the 2000 Agreement and purported to terminate the 2003 Agreement on May 26, 2004 based upon this alleged breach.

Plaintiff then initiated this action against Defendant on July 9, 2004 for breach of contract and declaratory judgment relating to its termination of the 2000 Agreement and the 2003 Agreement. On January 18, 2005, Defendant moved for partial summary judgment as to the termination of the 2003 Agreement, stating: "[Defendant] seeks an early determination of the declaratory judgment claim because Plaintiff relies upon its alleged termination of the 2003 Agreement in its attempt to deny [Defendant] the right to conduct the Ironman triathlon event presently scheduled to occur in Malaysia in February 2005." (Doc. No. 19 at p. 8).

On February 9, 2005, this Court entered an Order granting Defendant's motion for partial summary judgment as to the termination of the 2003 Agreement, ruling that "the 2003 Agreement cannot be properly terminated based on Defendant's alleged breach of the 2000 Agreement." (Doc. No. 30). As a result of the Court's ruling, the Defendant was entitled to run the Ironman Malaysia race on February 27, 2005 in accordance with the provisions of the 2003 Agreement.

The next day, on February 10, 2005, Plaintiff gave written notice to Defendant of alleged continuing defaults under the 2003 Agreement. The alleged continuing defaults included the following: (1) pursuant to ¶ 7 of the 2003 Agreement, Defendant was in arrears in the amount of $31,000 in license fees for the upcoming 2005 race; (2) pursuant to ¶ 4(j) of the 2003 Agreement, Defendant was required to secure a general liability policy in the amount of $2 million naming Plaintiff as an additional insured; (3) pursuant to ¶ 4(o) of the 2003 Agreement, Defendant was required to place $50,000 in escrow for prize money to be paid after completion of the race; and (4) pursuant to ¶ 4(p) of the 2003 Agreement, Defendant was required to provide round-trip airline tickets to Plaintiff's personnel or designated representative along with two hotel rooms and a rental

car for use during their stay. Pursuant to ¶ 12(a) of the 2003 Agreement, Defendant had until February 25, 2005 to cure these alleged defaults.

Plaintiff contends that by February 26, 2005, Defendant provided proof of acquisition of the requisite insurance coverage for the 2005 Ironman Malaysia race, but had failed to comply with the other provisions specified in Plaintiff's February 10, 2005 letter ("default notice"). Based on Defendant's alleged failure to cure the above-listed defaults within 15 days of written notice, Plaintiff gave Defendant notice in writing of the termination of the 2003 Agreement on February 26, 2005.

Plaintiff now moves this Court for partial summary judgment against Defendant on Count III of the Supplemental Complaint for Declaratory Judgment regarding termination by Plaintiff of the 2003 Agreement. Specifically, Plaintiff asserts that it is entitled, as a matter of law, to a declaration that it properly and effectively terminated the 2003 Agreement.

## Standard of Review

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing the Court, by reference to materials on file that there are no genuine issues of material fact that should be decided at trial. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Clark v. Coats & Clark, Inc., 929 F.2d 604 (11th Cir. 1991). Rule 56 permits the moving party to discharge its burden with or without supporting affidavits and to move for summary judgment on the case as a whole or on any claim. Id. When a moving party has discharged its burden, the non-moving party must then "go beyond the pleadings," and by its own

affidavits, or by "depositions, answers to interrogatories, and admissions on file," designate specific facts showing that there is a genuine issue for trial. Id. at 324.

In determining whether the moving party has met its burden of establishing that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law, the Court must draw inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. Spence v. Zimmerman, 873 F.2d 256 (11th Cir. 1989); Samples on behalf of Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988).

## Discussion

Defendant argues that Plaintiff is not entitled to a declaration that it properly terminated the 2003 Agreement because Plaintiff (1) never issued an effective and appropriate notice of default; (2) the alleged breaches were not material; and (3) any technical breach would be excused by Plaintiff's prior breach and repudiation of the 2003 Agreement and its breach of its duty of good faith and fair dealing.

Paragraph 12(a) of the 2003 Agreement states that either party shall have the right to terminate the Agreement upon the occurrence of a "[m]aterial breach by the other party in performance of any of the provisions of this Agreement, which default is not cured within fifteen (15) days following written notice of such default including a description thereof to the defaulting party."

Plaintiff's February 10, 2005 letter stated that:

Pursuant to paragraph 12(a), [Plaintiff] gives written notice of the following defaults under the Event License Agreement;

1.  License Fees. [Defendant] is in arrears a total of $31,000 (US) in license fees for the 2005 race pursuant to paragraph 7. Please cure this default by January 25, 2005 by wiring the unpaid fees to [Plaintiff's] bank account. . . .

...

4. <u>Prize Money</u>.  Pursuant to paragraph 4(o), [Defendant] is required to provide $50,000 (US) in prize money and place these funds in escrow no later than February 16, 2005 for the 2005 race.  Please confirm compliance with this provision with evidence of the funds being escrowed, identity of the escrow agent and instructions to the escrow agent.

5. <u>[Plaintiff] Travel and Lodging</u>.  [Defendant] is required to provide to roundtrip airline tickets for [Plaintiff] personnel or designated representatives along with two hotel rooms and a rental car during their stay.  Please contact [Plaintiff] directly to arrange for these air tickets and hotel rooms and rental car.

Pursuant to paragraph 12(a), cure and proof of cure of all these defaults is due on or before February 25, 2005.  Absent full and complete cure of these defaults by that time [Plaintiff] reserves all its rights, including its right to terminate.

(Doc. No. 41, Exhibit A).

> Contracts which set forth the manner in which a party must exercise a remedy in the event of a default must be strictly adhered to.  If a party does not comply with the requirements of the contract's default clause, it forfeits its rights under the clause.  Accordingly, when a default clause contains a notice provision, it must be strictly followed, and summary judgment is warranted if notice is not given.

<u>Colony Square Co. v. Prudential Ins. Co.</u>, 843 F.2d 479, 481 (11th Cir. 1988)(citations omitted); <u>see</u> <u>also</u> <u>Alliance Metals Inc. v. Hinely Indust., Inc.</u>, 222 F.3d 895, 903-04 (11th Cir. 2000).

In this case, the 2003 Agreement specifically requires "written notice" of default," and it also requires that the alleged defaulting party be permitted 15 days following written notice to cure the default.

Defendant argues that the February 10, 2005 letter is insufficient notice pursuant to the 2003 Agreement as to the license fees because the letter requests that the default be cured by January 25, 2005, a date that pre-dates the default notice.  The Court, however, finds that the notice was sufficient as to the license fees because the 2003 Agreement spells out that the default

must be cured within 15 days of the written notice and the concluding paragraph of the February 10, 2005 letter again restates that cure of all the defaults listed is "due on or before February 25, 2005." The 2003 Agreement does not require written notice of the date by which cure of the default must be made, but includes within the Agreement itself the 15-day time frame to cure. Accordingly, this Court finds that the Plaintiff complied with the requirements of the default clause as to the license fees.

Defendant argues that the default notice was insufficient as to the prize money because the Agreement did not require the prize money to be escrowed until February 17, 2005. Defendant was not in fact in default as to the prize money at the time that the Plaintiff issued its default notice. Accordingly, this Court finds that the notice was insufficient.

Defendant contends that the default notice is insufficient as to the airline tickets because the Plaintiff had not yet identified its representatives for whom the tickets would be purchased. This Court agrees. The default notice was insufficient as Defendant had not had an opportunity to comply with the 2003 Agreement as to airline tickets and was not yet in default.

Defendant argues that even if the Court determines that Plaintiff's default notice was sufficient and that Defendant failed to comply with its obligations under the 2003 Agreement, Plaintiff's motion should still be denied on the ground that any alleged noncompliance by Defendant was not sufficiently "material" to justify termination of the Agreement.

The 2003 Agreement does require the occurrence of a "material" breach to predicate the right of termination. The question then becomes whether the Defendant's failure to pay the license fees by February 25, 2005 constitutes a material breach. "[C]ourts and commentators have long recognized that materiality is primarily a question of fact, the resolution of which is

necessarily a function of context and circumstances." Dopp v. Pritzker, 38 F.3d 1239, 1244 (1st Cir. 1994)(citing Gibson v. City of Cranston, 37 F.3d 731, 735-36 (1st Cir. 1994); 3A Arthur L. Corbin, *Corbin on Contracts* § 700, at 309-10 (1960 & Supp. 1992); 2 E. Allan Farnsworth, *Farnsworth on Contracts* § 8.16, at 443 (1990)("Whether a breach is material is a question of fact.")); see also Bear, Stearns Funding, Inc. v. Interface Group-Nevada, Inc., 361 F. Supp. 2d 283, 296 (S.D.N.Y. 2005).

The case at bar clearly involves genuine issues of material fact best resolved by the jury as to the issue of materiality of the breach. Defendant submits that Plaintiff, prior to the Court's ruling on February 9, 2005 that the 2003 Agreement could not be properly terminated based on Defendant's alleged breach of the 2000 Agreement, refused to accept payment of the fees by Defendant based on Plaintiff's contention that Plaintiff had legally terminated the Agreement and that Defendant had no event license. Once the Court ruled that the Plaintiff could not properly terminate the 2003 Agreement, the Plaintiff sent the February 10, 2005 letter to the Defendant requesting that Defendant cure this default. Defendant states that on February 24, 2005, within the 15-day cure period, Defendant requested that its bank wire the $31,000 from its account in Malaysia to Plaintiff's account with Sun Trust bank. At the same time, but in a separate transaction, Defendant also requested its bank to wire $14,000 in royalty fees to the same account. The $14,000 fee was successfully wired and was received by Plaintiff. The $31,000 license fee, however, did not go through to Plaintiff, and Defendant states that it was unaware of the banking error. Defendant states that it became aware of the error on May 5, 2005 and paid the fees promptly. Plaintiff received the $31,000 license fee on May 11, 2005.

Defendant's argument that any technical breach by Defendant would be excused by Plaintiff's prior breach and repudiation of the 2003 Agreement and its breach of its duty of good faith and fair dealing is likewise precluded based upon genuine issues of material fact.

Accordingly, this Court finds that there are genuine issues of material fact precluding summary judgment, and it cannot find, therefore, that the Plaintiff is entitled, as a matter of law, to a declaration that it properly and effectively terminated the 2003 Agreement. It is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Partial Summary Judgment (Doc. No. 41) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 10th day of August, 2005.

SUSAN C. BUCKLEW
United States District Judge