**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

WORLD TRIATHLON CORPORATION, INC.,
a Florida corporation,

                Plaintiff,

-vs-                                          Case No. 8:04-cv-1594-T-24TBM

SRS SPORTS CENTER SDN.BHD,
a Malaysia corporation,

                Defendant.
_____/

# O R D E R

This cause comes before the Court for consideration of Defendant's Motion for Preliminary Injunction (Doc. No. 59). Plaintiff filed an Opposition thereto (Doc. No. 65).

## BACKGROUND

Plaintiff entered into an Event License Agreement with Defendant in 2000 (the "2000 Agreement"), pursuant to which Defendant was licensed to conduct Ironman triathlon events in Malaysia in the years 2000 through 2004. In 2003, Plaintiff entered into another Event License Agreement with Defendant, pursuant to which Defendant was licensed to conduct Ironman triathlon events in Malaysia in the years 2005 through 2009 (the "2003 Agreement").

Plaintiff contends that Defendant breached the 2000 Agreement by failing to have required insurance in place during the February 2004 race. Plaintiff terminated the 2000 Agreement and purported to terminate the 2003 Agreement on May 26, 2004 based upon this alleged breach.

Plaintiff then initiated this action against Defendant on July 9, 2004 for breach of contract and declaratory judgment relating to its termination of the 2000 Agreement and the 2003 Agreement.

On January 18, 2005, Defendant moved for partial summary judgment as to the termination of the 2003 Agreement, stating: "[Defendant] seeks an early determination of the declaratory judgment claim because Plaintiff relies upon its alleged termination of the 2003 Agreement in its attempt to deny [Defendant] the right to conduct the Ironman triathlon event presently scheduled to occur in Malaysia in February 2005." (Doc. No. 19 at p. 8).

On February 9, 2005, this Court entered an Order granting Defendant's motion for partial summary judgment as to the termination of the 2003 Agreement, ruling that "the 2003 Agreement cannot be properly terminated based on Defendant's alleged breach of the 2000 Agreement." (Doc. No. 30). As a result of the Court's ruling, the Defendant was entitled to run the Ironman Malaysia race on February 27, 2005 in accordance with the provisions of the 2003 Agreement.

The next day, on February 10, 2005, Plaintiff gave written notice to Defendant of alleged continuing defaults under the 2003 Agreement. The alleged continuing defaults included the following: (1) pursuant to ¶ 7 of the 2003 Agreement, Defendant was in arrears in the amount of $31,000 in license fees for the upcoming 2005 race; (2) pursuant to ¶ 4(j) of the 2003 Agreement, Defendant was required to secure a general liability policy in the amount of $2 million naming Plaintiff as an additional insured; (3) pursuant to ¶ 4(o) of the 2003 Agreement, Defendant was required to place $50,000 in escrow for prize money to be paid after completion of the race; and (4) pursuant to ¶ 4(p) of the 2003 Agreement, Defendant was required to provide round-trip airline tickets to Plaintiff's personnel or designated representative along with two hotel rooms and a rental car for use during their stay. Pursuant to ¶ 12(a) of the 2003 Agreement, Defendant had until February 25, 2005 to cure these alleged defaults.

Plaintiff contends that by February 26, 2005, Defendant provided proof of acquisition of the requisite insurance coverage for the 2005 Ironman Malaysia race, but had failed to comply with the other provisions specified in Plaintiff's February 10, 2005 letter ("default notice").  Based on Defendant's alleged failure to cure the above-listed defaults within 15 days of written notice, Plaintiff gave Defendant notice in writing of the termination of the 2003 Agreement on February 26, 2005.

Plaintiff then moved this Court for partial summary judgment against Defendant on Count III of the Supplemental Complaint for Declaratory Judgment regarding termination by Plaintiff of the 2003 Agreement.  Specifically, Plaintiff asserted that it was entitled, as a matter of law, to a declaration that it properly and effectively terminated the 2003 Agreement.  This Court denied Plaintiff's motion for partial summary judgment finding that there are genuine issues of material fact as to whether Defendant's failure to pay the $31,000 in license fees by February 25, 2005 constitutes a material breach, and, therefore, whether Plaintiff properly and effectively terminated the 2003 Agreement.

The 2006 Ironman Malaysia triathlon is scheduled to occur in Malaysia on February 26, 2006.  Trial in this case is not scheduled to occur until April 2006.  Defendant now moves for a preliminary injunction asserting that absent injunctive relief, Plaintiff's purported termination of Defendant's license, the validity of which will not be determined until trial, will prevent the race from occurring.

**STANDARD OF REVIEW**

The standard for a preliminary injunction requires the movant to show that: (1) there is a substantial likelihood that it will ultimately prevail on the merits; (2) that it will suffer irreparable

injury unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that the injunction, if issued, would not be adverse to the public interest. Deltona Transformer Corp. v. Wal-Mart Stores, Inc. 115 F. Supp. 2d 1361, 1363 (M.D. Fla. 2000)(*citing* McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998)).

## DISCUSSION

Substantial Likelihood of Success on the Merits

In order to satisfy this element of the standard for granting a preliminary injunction, it is not necessary that Defendant prove that it is an absolute certainty that it will prevail at trial. "A substantial likelihood of success on the merits requires a showing of only *likely* or probable, rather than *certain*, success." Schiavo v. Schiavo, 357 F. Supp. 2d 1378, 1383 (M.D. Fla.)(citations omitted), aff'd, 403 F.3d 1223 (11th Cir. 2005). Further, "where the balance of the equities weighs heavily in favor of granting the injunction, the movant need only show a substantial case on the merits." Id. (citations omitted). The Court finds that the balance of the equities in this case weighs heavily in favor of granting the injunction.

The policy in Florida courts is to strictly construe contractual provisions for forfeiture against the party seeking to invoke them. Horatio Enterprises, Inc. v. Rabin, 614 So.2d 555, 556 (Fla. 3d DCA 1993)(citing Smith v. Winn Dixie Stores, Inc., 448 So.2d 62 (Fla. 3d DCA 1984)). "Indeed, a Florida court has refused to countenance unilateral cancellation in that context even when the contract stipulated that time was of the essence. Thus, although as a general rule parties to a contract may strictly enforce its terms and the courts will not rewrite an agreement to undo the consequences of a bad bargain, the Florida courts do not blindly sanction unilateral

termination of contracts when a default causes no harm to the party seeking to avoid performance." Burger King Corp. v. Mason, 710 F.2d 1480, 1490 (11th Cir. 1983)(citations omitted).

The facts of this case certainly fall into the category of cases in which the Court should not blindly sanction unilateral termination of the contract. There are numerous extenuating circumstances that keep this case from being simply one of Defendant failing to pay Plaintiff its license fees in a timely manner. Defendant submits that Plaintiff, prior to the Court's ruling on February 9, 2005 that the 2003 Agreement could not be properly terminated based on Defendant's alleged breach of the 2000 Agreement, refused to accept Defendant's offer of payment of the fees based on Plaintiff's contention that Plaintiff had legally terminated the Agreement and that Defendant had no event license. This unusual circumstance bears reiteration, i.e., Defendant attempted to pay the license fees prior to receiving Plaintiff's default notice, but such attempt was refused by Plaintiff. Once the Court ruled that Plaintiff could not properly terminate the 2003 Agreement, Plaintiff sent the February 10, 2005 letter to Defendant requesting that Defendant cure this default. Defendant states that on February 24, 2005, within the 15-day cure period, Defendant requested that its bank wire the $31,000 from its account in Malaysia to Plaintiff's account with Sun Trust bank. At the same time, but in a separate transaction, Defendant also requested its bank to wire $14,000 in royalty fees to the same account. The $14,000 fee was successfully wired and was received by Plaintiff. The $31,000 license fee, however, did not go through to Plaintiff, and Defendant states that it was unaware of the banking error. Defendant states that it became aware of the error on May 5, 2005 and paid the fees promptly. Plaintiff received the $31,000 license fee on May 11, 2005.

These additional extenuating circumstances, that Defendant again attempted to pay the license fees in a timely manner but experienced a bank error and that ultimately Defendant has paid the license fees within an arguably reasonable amount of time, lead the Court to the conclusion that Defendant has established a substantial likelihood of success on the merits by demonstrating a substantial case on the merits. It is substantially likely that the finder of fact will conclude that the delay in receipt of license fees by Plaintiff was not a breach of the 2003 Agreement that was sufficiently "material" to permit Plaintiff to terminate the 2003 Agreement.

<u>Irreparable Damage Absent Injunctive Relief</u>

Absent injunctive relief, there will be no Ironman triathlon event in Malaysia in 2006, whether Defendant prevails at trial or not. If Defendant prevails at trial, it will have irretrievably lost its right to conduct the Ironman event to which it is entitled under the 2003 Agreement, and Plaintiff will have obtained a de facto termination of the 2006 event even without a decision on its declaratory judgment claim. Accordingly, this Court finds that Defendant has established irreparable injury absent the injunction.

<u>Threatened Injury to Defendant Absent Injunctive Relief Outweighs Damage to Plaintiff</u>

If the 2006 race occurs as scheduled, Plaintiff will still receive license fees, royalties and the other benefits accruing to it from the performance of the 2003 Agreement. If Plaintiff prevails at the trial, it will then be able to terminate the balance of the 2003 Agreement and collect the damages it has proven. Plaintiff argues that if the 2006 event takes place, there could be damage to its goodwill. However, Plaintiff points only to the incident involving injury to a competitor during the 2004 race in support of this argument. The Court is unpersuaded that this alleged potential damage outweighs the injury to the Defendant absent injunctive relief.

<u>Public Interest</u>

Once the Court is satisfied that the foregoing requirements have been met, the Court must then consider how the public's interests would be affected by granting or denying the preliminary relief. <u>Deltona Transformer Corp.</u>, 115 F. Supp. 2d at 1365. The public's interest would be served by allowing the Malaysia Ironman event to proceed.

## **CONCLUSION**

Here, the balance of the equities weighs heavily in favor of granting the injunction. Maintaining status quo under the unusual circumstances of this case and granting the injunction will not substantially damage Plaintiff even if it ultimately prevails at trial. On the other hand, if the injunction is denied, Defendant stands to suffer substantial losses even if it ultimately prevails at trial.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion for Preliminary Injunction (Doc. No. 59) is **GRANTED**. Plaintiff is hereby enjoined from enforcing the purported termination of the 2003 License Agreement. Defendant shall be allowed to proceed with the 2006 Ironman Malaysia triathlon. Defendant shall on or before December 28, 2005, post with the Clerk of this Court cash or other form of security bond in the sum of $25,000.00, pursuant to Federal Rule of Civil Procedure 65(c).[1] This Order shall remain in force and effect pending the final disposition of this matter upon its merits.

---

[1] A federal identification number should accompany the security bond posted with the Clerk, but should not be included in any documents filed in the record in this case.

**DONE AND ORDERED** at Tampa, Florida, this 14th day of December, 2005.

/s/ Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge